PENN MUTUAL LIFE
INSURANCE COMPANY

v.

Frederick B. ABRAMSON,
Estate—Abdur Rahman Y
Ibn–Tamas, et al.

Appeal of Daria Lauranne
IBN–TAMAS, a minor.

No. 86–5045.

United States Court of Appeals,
District of Columbia Circuit.

Argued Nov. 24, 1986.
Decided Oct. 30, 1987.

Michael F. Curtin, Washington, D.C., for appellant.

Robert P. Stranahan, Jr., Washington, D.C., for appellee.

R. Harrison Pledger, Jr., McLean, Va., entered an appearance, for Penn Mut. Life Ins. Co.

Before MIKVA, RUTH BADER GINSBURG and SILBERMAN, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

The question dispositive of this appeal arose in an interpleader action brought in the United States District Court for the District of Columbia by Penn Mutual Life Insurance Company; Penn Mutual sought an order governing distribution of the proceeds of a life insurance policy. We heard oral argument on November 24, 1986, and concluded that a novel question of District of Columbia law controlled the dispute. Taking advantage of the District's recently enacted certification statute, D.C.Code § 11–723 (1987 Supp.), we certified the controlling question to the District of Columbia Court of Appeals on December 8, 1986. That court entertained argument on March 13, 1987. In a September 15, 1987 decision establishing guidelines for the application of the certification statute, the D.C. Court of Appeals answered the question we certified to it. *Penn Mutual Life Insurance Co. v. Abramson,* 530 A.2d 1202 (1987). Furnished with the definitive response of the D.C. Court of Appeals, we are now positioned to direct a secure final disposition of the litigation.

We set out first the essential facts and procedural course in this case. Abdur Rahman Y Ibn–Tamas, the insured, purchased the life insurance policy in question in 1974 after he had divorced his first wife and remarried. At the time of purchase, the insured had two children from his first marriage, Robert and Tamara Gamble, and one child from his second marriage, Daria Ibn–Tamas. The policy designated the insured's second wife, Beverly Ann Ibn–Tamas, as the primary beneficiary of all proceeds payable under the policy provided that she survived the insured. If she did not, the insured's then-living children, as named secondary beneficiaries, were to

share in the proceeds with one-half to be paid to Daria Ibn–Tamas, and the remaining one-half to be shared equally between Robert and Tamara Gamble. The policy thus designated all beneficiaries by name and provided, with respect to proceeds due a minor child, for administration of the funds by a trustee for the child's support, education and welfare.

In February 1976, Beverly Ibn–Tamas murdered the insured. Five months later, she gave birth to Adam Ibn–Tamas, the insured's fourth child, second child of his second marriage. Beverly Ibn–Tamas, by reason of her conviction of second degree murder, is treated under District of Columbia law "as if" she had predeceased the insured. *See* D.C.Code § 19–320 (1981). Because the designated primary beneficiary is ineligible to receive any policy proceeds, the full amount will go to the insured's children. The policy contains no direction regarding after-born children, however. Uncertain whether Adam Ibn–Tamas, the fourth child, qualified to share in the proceeds along with the three children named as beneficiaries, Penn Mutual, as disinterested stakeholder, deposited the policy proceeds of about $70,000 into the District Court's registry.

Following preparatory proceedings and briefing by counsel appointed to represent the four children, the District Judge held that equitable principles authorized and impelled him to reform the insurance policy to benefit the insured's after-born son. The District Court accordingly ordered that Adam Ibn–Tamas share equally with his sister Daria Ibn–Tamas the one-half of the proceeds that the policy had earmarked for Daria. *Penn Mutual Life Insurance Co. v. Abramson*, No. 85–1075 (D.D.C. December 12, 1985). In a subsequent order, filed February 19, 1986, the District Judge provided for partial distribution of the fund held in the registry of the Court, principally, the one-half share designated for Robert and Tamara Gamble, the two children from the insured's first marriage. The interests of those children are not affected by the contest concerning the one-half share designated by the policy for Daria Ibn–Tamas, and no party opposed the distribution.

In our certification to the D.C. Court of Appeals, we stated that the sole and dispositive issue in this case is whether:

(1) as the guardian ad litem for the third child (first child of the second marriage) contends, that child is entitled to the entire balance of the funds on deposit in the District Court's registry; or (2) as the guardian ad litem for the fourth child (second child of the second marriage, born after the insured's death) contends, and as the District Court held, the insurance policy warrants reformation to designate the fourth child as a beneficiary, entitled to share equally with the third child the currently undistributed policy proceeds.

Certification of Question of Law, No. 86–5045 (D.C.Cir. Dec. 8, 1986).

In a comprehensive, albeit divided, response to our certification, the D.C. Court of Appeals declared that under District of Columbia law, "the life insurance policy [in question] may not be reformed to benefit the insured's after-born son." *Penn Mutual Life Insurance Co. v. Abramson*, 530 A.2d 1202, 1203.[1] The D.C. Court concluded that "Daria Ibn–Tamas [first child of the second marriage] is entitled, as a matter of District of Columbia law, to the entire balance of the proceeds on deposit in the [D]istrict [C]ourt registry." 530 A.2d at 1210.

In view of that response, we vacate the District Court's December 12, 1985 order, which had directed that the after-born son share one-half of the proceeds of the policy equally with his sister, Daria Ibn–Tamas, and we remand the case to that Court for a final disposition that accords with the certification decision of the D.C. Court of Appeals.

*It is so ordered.*

---

1. The D.C. Court of Appeals panel, dividing 2–1, acknowledged that "[t]he legal issue presented is one of first impression in this jurisdiction." 530 A.2d at 1205.